UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CCC OF DC LIMITED COMPANY,<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERATION OF KINGS POINT ASSOCIATIONS, INC.,**<br><br>**Defendant.** | Civil Action No. 25-2737 |

## MEMORANDUM OPINION AND ORDER

Plaintiff CCC of DC Limited Company brings this suit against Defendant Federation of Kings Point Associations for breach of contract, breach of a non-disclosure agreement, and violations of the Defend Trade Secrets Act and the Florida Uniform Trade Secrets Act. See ECF No. 3 (Compl.), ¶¶ 46–72. Plaintiff alleges that it had shared a business idea with Kings Point under the protection of an NDA, and Kings Point breached their agreement by taking the idea and implementing it without Plaintiff's involvement. Id., ¶ 1.

To protect its proprietary business idea from any further disclosure, Plaintiff now moves to file its Complaint partially under seal. See ECF No. 5 (Am. Mot.). Specifically, it seeks to redact portions of the "Introduction," "Factual Background," and "Causes of Action" that reference its idea. See Compl., ¶¶ 1, 8–9, 11–15, 18–19, 27, 31–33, 37, 39–40, 48, 60, 62, 71, 73. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1)

1

("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II. Analysis

Plaintiff has met its burden to overcome the presumption in favor of public access to court records. The Court will address each Hubbard factor in turn.

The first — "the need for public access to the documents at issue," id. — counsels in favor of granting Plaintiff's Motion. This trade-secrets action is not the sort of traditional criminal proceeding to which courts have recognized that a heightened public interest attaches. See Hubbard, 650 F.2d at 317. Nor is it linked to any such proceeding. Cf. United States v. All Petroleum-Product Cargo Aboard the Suez Rajan with Int'l Mar. No. 9524475, No. 23-882, ECF

No. 4 (Mem. Op.) (D.D.C. Apr. 10, 2023).  As Plaintiff points out, the public is unlikely to take much interest in a private "dispute between two parties over proceedings of a condominium board in Florida."  Am. Mot. at 4.

Like the first factor, the second — "the extent of previous public access" to the materials Plaintiff seeks to seal, Nat'l Children's Ctr., 98 F.3d at 1409 — weighs in favor of sealing.  In assessing this factor, a court "consider[s] the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit."  CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021).  To the Court's knowledge, the public has never had access to the business information in the relevant Complaint paragraphs.  Plaintiff attests that it has never published its trade secret in any public forum and that it has protected all private disclosures with NDAs.  See Am. Mot. at 5.

The third factor similarly supports Plaintiff's cause.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  Plaintiff has so moved, and, as is common at this stage, no objection to the Motion has been lodged.

The fourth factor — the "strength of any property [or] privacy interests asserted," Nat'l Children's Ctr., 98 F.3d at 1409 — weighs strongly in favor of sealing.  Plaintiff contends that disclosure of its trade secret would harm Plaintiff by "enabling competitors to gain an unfair advantage and undermining Plaintiff's market position."  Am. Mot. at 3.  Protecting "confidential business information that should be kept private for competitive business reasons" has been recognized by courts in this district as an interest strong enough to merit non-disclosure.  United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 83 (D.D.C. 2020); see Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) ("[T]he fourth

Hubbard factor weighs strongly in favor of keeping confidential . . . proprietary information under seal."); Monbo v. United States, 2023 WL 7129866, at *2 (D.D.C. Sept. 7, 2023) (similar).

The fifth factor, which considers possible prejudice to the party seeking the seal, is neutral. Plaintiff does not "identif[y] how the disclosure of the relevant material" — here, the discussion of its trade secret throughout the Complaint — "causes legal prejudice." All Assets Held, 520 F. Supp. 3d at 85 (quoting Zapp, 746 F. Supp. 2d at 150) (cleaned up); see Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009) (fifth factor did not "weigh strongly" either way where "plaintiffs ha[d] not claimed that unsealing this matter would affect them in any future litigation").

The last factor — "the purposes for which the documents were introduced," Nat'l Children's Ctr., 98 F.3d at 1409 — is the only one that cuts the other way. Disclosure is the norm where "the parties explicitly intend the Court to rely on the sealed materials in adjudicating their dispute." Vanda Pharms., 539 F. Supp. 3d at 57 (cleaned up) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Here, Plaintiff "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so." Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). Plaintiff's redactions comprise a sizable portion of the Complaint, including sections of the "Factual Background" and "Causes of Action," which indicates that it "intended for the Court to rely on the sealed" materials in deciding its case. Michaels v. NCO Fin. Sys. Inc., 2023 WL 4857413, at *5 (D.D.C. July 31, 2023).

Plaintiff does not contend, moreover, that the sealed materials play only a "minor role in the 'central claims of the litigation.'" Monbo, 2023 WL 7129866, at *2 (quoting United States v. Harris, 204 F. Supp. 3d 10, 17 (D.D.C. 2016)); cf. Gilliard v. McWilliams, 2019 WL 3304707, at

*5 ("There is less of a pressing concern to unseal [records] if they are not relevant to the claims.") (quoting U.S. ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 68 (D.D.C. 2011)) (cleaned up).  On the contrary, the sealed portions of the Complaint very much go to the heart of the merits — Plaintiff seeks to redact the very trade secret that it accuses Defendant of disclosing.

At the end of the day, although the fifth factor is neutral and the sixth weighs in favor of disclosure, the first four tip the scale toward granting the Motion.  The Court will therefore grant Plaintiff's request to redact portions of its Complaint.

### III.   Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [5] Amended Motion for Leave to File Documents Under Seal is GRANTED;

2. Within fourteen days of the Court's Order, Plaintiff shall file on the public docket its [5-1] redacted Complaint; and

3. Plaintiff's [1-1] unredacted Complaint shall remain sealed, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  September 24, 2025